

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

February 6, 1990

Mr. Bryan M. Perot
Executive Officer
Polygraph Examiners Board
P. O. Box 4087
Austin, Texas    78773-0001

Opinion No. JM-1141

Re:  Consent to a polygraph examination of a child (RQ-1893)

Dear Mr. Perot:

You ask whether section 51.151 of the Family Code applies to a polygraph examination of a child complainant or a child witness for the state.

Section 51.151 provides:

> If a child is taken into custody under Section 52.01 of this code, a person may not administer a polygraph examination to the child without the consent of the child's attorney or the juvenile court unless the child is transferred to criminal court for prosecution under Section 54.02 of this code.

Section 52.01 of the Family Code provides in pertinent part:

> (a)  A child may be taken into custody:
>
> (1) pursuant to an order of the juvenile court under the provisions of this title;
>
> (2) pursuant to the laws of arrest;
>
> (3) by a law-enforcement officer if there are reasonable grounds to believe that the child has engaged in delinquent conduct or conduct indicating a need for supervision; or

> (4)  by a probation officer if there are reasonable grounds to believe that the child has violated a condition of probation imposed by the juvenile court.

You advise that your concern is prompted by section 19 of article 4413(29cc), V.T.C.S., providing:

> The board [Polygraph Examiners] shall refuse to issue a license, shall revoke or suspend a license, shall reprimand a licensee, or may probate a license suspension on any one or more of the following grounds:
>
> . . . .
>
> (14)  violating Section 51.151, Family Code, relating to the examination of a child taken into custody.

Your scenario does not include the taking into custody of a child under section 52.01 of the Family Code since no provision is made under this title for taking a child witness or child complainant into custody. Section 51.151 does not apply to the situation you describe.

While the polygraph examiners license may not be placed in jeopardy under your scenario, we believe caution should be exercised in obtaining the consent of a child to submit to a polygraph examination.

Section 12.04 of the Family Code, in detailing the rights, privileges, duties, and powers of a parent, includes in subsection (7) "the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child." In reviewing section 51.151, we note that prosecutors may dismiss a case if a state's witness fails a polygraph examination. R. Dawson, Texas Juvenile Law 103 (2d ed. 1987). While courts have been reluctant to admit the results of a polygraph examination because of its lack of reliability, Romero v. State, 493 S.W.2d 206 (Tex. Crim. App. 1973), under certain circumstances statements made during the examination have been held admissible. R. Dawson, supra.

Section 8.07(a)(1) of the Penal Code provides that the offense of perjury is an exception to the rule that a person under 15 years of age may not be convicted of an offense.

Conceivably, a statement made in a polygraph test might become admissible against a child in a perjury trial as a result of testimony given in legal proceedings following the examination. Given the circumstances attendant to questioning by a polygraph operator in connection with a court proceeding, a child through fear, suggestion, fantasy, etc., might make unfounded responses or admissions against the child's interest. Since statements made by a child during a polygraph examination could be of "substantial legal significance concerning the child," it would appear advisable that the parent's consent be obtained before a child complainant or child witness is subjected to a polygraph examination. In the event a guardian ad litem has been appointed for the child under section 51.11(b) of the Family Code,[1] the consent of the guardian ad litem should be obtained.

Since your concern is directed to conduct that might result in loss of a polygraph operator's license, we note that subsections 19(1) and (2) of article 4413(29cc), V.T.C.S., provide that failure to inform a person to be examined of the nature of the examination or failure to inform the subject that participation is voluntary is basis for revocation of an examiners license. The possibility that a child may be unable to comprehend the significance of the examiner's explanation of the nature of the examination or the fact that consent to submit to the examination must be voluntarily given furnishes additional reason for obtaining the consent of the parent or the guardian ad litem.

---

1. Section 51.11(b) provides:

> In any case in which it appears to the juvenile court that the child's parent or guardian is incapable or unwilling to make decisions in the best interest of the child with respect to proceedings under this title, the court may appoint a guardian ad litem to protect the interests of the child in the proceedings.

## S U M M A R Y

Section 51.151 of the Family Code does not apply to a polygraph examination of a child complainant or a child witness for the state. However, it would be advisable for the polygraph examiner to obtain the consent of the child's parent or guardian ad litem before subjecting a child witness or a child complainant to a polygraph examination.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General